**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON**

**JOSEPH HOWARD,**

      **Plaintiff,**

**v.**                                                          **Case No. 2:14-cv-13695**

**WEST VIRGINIA DIVISION OF CORRECTIONS,
JIM RUBENSTEIN, Commissioner,
DAVID BALLARD, Warden,
CORIZON, Inc., WEXFORD HEALTH SOURCES, Inc.,
DONNA WARDEN, Health Services Administrator,
ANNA KINCAID, R.N., SANDRA MAY, P.A.C., and
all owners and policy makers of Corizon, Inc. and Wexford
Health Sources, Inc.,**

      **Defendants.**

**PROPOSED FINDINGS AND RECOMMENDATION**

This matter is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).  Pending before the court are the plaintiff's Motion for Injunction (ECF No.15) and the plaintiff's Amended Motion for Injunction (ECF No. 20).

**RELEVANT PROCEDURAL HISTORY**

On April 1, 2014, the plaintiff filed a Complaint (ECF No. 1) alleging that the defendants have denied him treatment for tuberculosis.  On April 4, 2014, the plaintiff filed an Application to Proceed Without Prepayment of Fees and Costs (ECF No. 4), and another form Complaint, which the undersigned will treat as an Amended Complaint (ECF No. 6), upon which this matter shall proceed.  The plaintiff also filed a second

Application to Proceed Without Prepayment of Fees and Costs (ECF No. 7) on April 14, 2014.

The undersigned held a status conference in this matter on June 4, 2014. The plaintiff, who is proceeding *pro se*, participated by video from the Mount Olive Correctional Complex ("MOCC"). Service of process has not yet occurred. Thus, no defense representatives were present at the status conference.

During the status conference, the plaintiff was instructed to file any additional documentation he wished to be considered with his Amended Complaint by June 20, 2014. The plaintiff filed his first Motion for Injunction (ECF No. 15) on June 12, 2014, and then filed his Amended Motion for Injunction (ECF No. 20) on February 18, 2015. The undersigned construes both motions to be seeking preliminary injunctive relief.

## STANDARD OF REVIEW

Rule 65(a) of the Federal Rules of Civil Procedure provides that a court may issue a preliminary injunction only on notice to the adverse party. Fed. R. Civ. P. 65(a). The remainder of the rule addresses the procedure for a hearing on motions for a preliminary injunction and the scope of any such injunction. *Id.*

In 2009, the United States Court of Appeals for the Fourth Circuit revisited the applicable standard of review for preliminary injunctions in the case of *The Real Truth About Obama*, 575 F.3d 342 (4th Cir. 2009) (hereinafter "*Real Truth*")[1], in light of the Supreme Court's decision in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 129 S. Ct. 365, 172 L. Ed.2d 249 (2008). As noted by the *Real Truth* Court:

---

[1]    Although the original decision in *Real Truth* was vacated by the Supreme Court for further consideration in light of the decision in *Citizens United v. Federal Election Commission*, 558 U.S. 310 (2010), the Fourth Circuit reissued its opinion on Parts I and II of its earlier opinion in the case. *See* 575 F.3d at 345-347.

A preliminary injunction is an extraordinary remedy afforded prior to trial at the discretion of the district court that grants relief *pendente lite* of the type available after the trial. *See In re Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 524-26 (4th Cir. 2003); *see also De Beers Consol. Mines, Ltd. V. United States*, 325 U.S. 212, 220-21, 65 S. Ct. 1130, 80 L. Ed. 1566 (1945). Because a preliminary injunction affords, on a temporary basis, the relief that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate by "a clear showing" that, among other things, it is likely to succeed on the merits at trial. *Winter*, 129 S. Ct. at 376; *see also Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S. Ct. 1865, 138 L. Ed.2d 162 (1997)(per curiam). * * *

In its recent opinion in *Winter*, the Supreme Court articulated clearly what must be shown to obtain a preliminary injunction, stating that the plaintiff must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter*, 129 S. Ct. at 374. And all four requirements must be satisfied. *Id.* Indeed, the Court in *Winter* rejected a standard that allowed the plaintiff to demonstrate only a "possibility" of irreparable harm because that standard was "inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 375-76.

575 F.3d 345-46.

The *Real Truth* decision emphasizes that "the *Winter* requirement that the plaintiff clearly demonstrate that [he] will likely succeed on the merits is far stricter than the [*Blackwelder Furniture Co. of Statesville v. Seilig Manufacturing Co.*, 550 F.2d 189 (4th Cir. 1977)] requirement that the plaintiff demonstrate only a grave or serious *question* for litigation." *Id.* at 346-47. The *Real Truth* further distinguishes the *Winter* standard from the old *Blackwelder* standard because it no longer requires the court to balance the irreparable harm to the respective parties, but rather requires the plaintiff to make a clear showing that he is likely to be irreparably harmed, and that the court must pay particular attention to the public consequences in employing the extraordinary remedy of an injunction. The Court again emphasized that <u>all four</u> factors must be met

3

in order to justify this extraordinary relief.  *Id.* at 347.  Thus, the Court stated that the standard articulated in *Winter* would henceforth govern the issuance of preliminary injunctions in all federal courts.  *Id.*  Thus, the undersigned will address the plaintiff's two motions for preliminary injunctive relief using this standard.

## ANALYSIS

The plaintiff's Memorandum of Law in support of his Motion contends that "he is experiencing symptoms characteristic of tuberculosis in his spine; urinary tract; reproductive system; mouth; throat; right lung and glands."  (ECF No. 16 at 1).  The plaintiff further asserts that "There's a medical report in the plaintiff's medical file that clearly shows he has tested positive for tuberculosis and that the tuberculosis is active." (*Id.*)

The plaintiff's Memorandum further states that both MOCC medical department personnel  and the Health Care Director of the West Virginia Division of Corrections, Debbie Hissom, have informed the plaintiff that he has never tested positive for tuberculosis, and that he has been told that his t.b. skin test was an "allergic reaction." (*Id.* at 2).  The plaintiff seeks blood or urine tests to determine whether he does, in fact, have tuberculosis, but claims that such requests have been denied.  (*Id.* at 2-3).  He further asserts that "white supremacist MOCC employees are responsible for the plaintiff being denied treatment for t.b." (*Id.* at 3).

The plaintiff's present requests for preliminary injunctive relief are speculative at best.  The plaintiff has not produced any evidence to demonstrate that he is currently suffering from tuberculosis.  Furthermore, the plaintiff has only asserted theoretical injury.  A mere possibility of harm will not suffice to support the granting of a preliminary injunction.  *Winter*, 555 U.S. at 21.  Thus, the plaintiff has not clearly shown

that he is likely to succeed on the merits of his claims, or that he is likely to be irreparably harmed without preliminary injunctive relief. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff has not demonstrated a right to a preliminary or permanent injunction under the circumstances.

However, in light of the filing of the plaintiff's Amended Complaint (ECF No. 6), which is still before the undersigned for initial screening pursuant to 28 U.S.C. S 1915A, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the plaintiff's Motion for Injunction (ECF No. 15) and Amended Motion for Injunction (ECF No. 20) without prejudice.

The plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*,

727 F.2d 91 (4th Cir. 1984).   Copies of such objections shall be provided to Judge Goodwin.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to the plaintiff.


March 3, 2015

Dwane L. Tinsley
United States Magistrate Judge