IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JOSEPH EUGENE HOWARD,

        Plaintiff,

v.                         CIVIL ACTION NO.   2:14-cv-13695

WEST VIRGINIA DIVISION
OF CORRECTIONS, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the plaintiff's Motion to Set Aside, Alter, and Amend Judgment and Motion for Extension of Time [ECF No. 24]. For reasons appearing to the court, the referral of these motions to the Magistrate Judge is **WITHDRAWN**. Further, for the reasons described herein, the court **DENIES** the Motion to Set Aside, Alter, and Amend Judgment and the Motion for Extension.

**I.**     **Procedural History**

This civil action is filed by Joseph Eugene Howard, an inmate incarcerated at the Mount Olive Correctional Complex ("MOCC") in Mount Olive, West Virginia. The plaintiff alleges that in April 2012, he learned he had a positive skin test for tuberculosis, but had not been diagnosed and treated therefore. In his Amended Complaint [ECF No. 6], the plaintiff alleges that the various defendants have been deliberately indifferent to his serious medical needs, or have acted negligently in treating his medical needs and in supervising those who are responsible for his medical treatment.

The plaintiff subsequently filed a Motion for Injunction [ECF No. 15] and an Amended Motion for Injunction [ECF No. 20], in which he requested that the court order the West Virginia Department of Corrections ("WVDOC") and MOCC Warden David Ballard to treat him for tuberculosis ("TB" or "the disease"), despite his acknowledgement that medical staff had informed him that he did not have the disease. The plaintiff claims that he was experiencing symptoms of TB and requested that blood and urine tests be administered to determine whether he does, in fact, have the disease.

On March 3, 2015, United States Magistrate Judge Dwane L. Tinsley submitted a Proposed Findings and Recommendation [ECF No. 21] ("PF&R") recommending that the plaintiff's motions for injunction be denied without prejudice. The plaintiff filed timely objections to the PF&R [ECF No. 22]. On March 23, 2015, I entered a Memorandum Opinion and Order [ECF No. 23] finding the plaintiff's conclusory objections to be a mere disagreement with Judge Tinsley's proposed ruling and, therefore, not specific objections requiring *de novo* review. Accordingly, I overruled the plaintiff's objections to the PF&R, adopted the PF&R, and denied the plaintiff's Motion for Injunction and Amended Motion for Injunction.

On April 6, 2015, the plaintiff filed the instant Motion to Set Aside, Alter and Amend Judgment and Motion for Extension of Time [ECF No. 24] ("Motion for Reconsideration"). In this motion, the plaintiff requests that I set aside my "judgment" entered on March 23, 2015, and grant him the relief he sought in his Motions for Injunction "for the reasons stated therein." *Id.* He further believes that my decision was "clearly wrong because [he] not only made specific objections, he is also not an attorney and did the best he could." *Id.* The plaintiff also requests an extension of

time to file his Motion for Reconsideration because "Mount Olive Correctional Complex staff are not mailing his legal documents as soon as they receive them." *Id.*

## II.      Standard of Review

Plaintiff's Motion for Reconsideration does not identify any legal authority for the proposed relief. However, as the Order denying without prejudice the Motions for Injunction were interlocutory rather than final, the Motion for Reconsideration is best considered under Rule 54(b) of the Federal Rules of Civil Procedure. *See Fayetteville Inv'rs v. Commercial Builders, Inc.*, 936 F.2d 1462, 1470 (4th Cir. 1991) (finding that the district court correctly considered a motion for reconsideration "of a prior interlocutory order" under Rule 54(b)). Rule 54(b) provides:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and *may be revised at any time before the entry of a judgment adjudicating all of the claims and all of the parties' rights and liabilities*.

Fed. R. Civ. P. 54(b) (emphasis added). Accordingly, "an interlocutory order is subject to reconsideration at any time prior to the entry of a final judgment." *Fayetteville*, 936 F.2d at 1469; *see also Am. Canoe Ass'n, Inc. v. Murphy Farms, Inc.*, 326 F.3d 505, 514–515 (4th Cir. 2003).

The Fourth Circuit has not announced the appropriate standard of review for a motion for reconsideration under Rule 54(b) in this Circuit, but has stated that the power to amend interlocutory orders at any time before final judgment is "committed to the discretion of the district court." *Am. Canoe*, 326 F.3d at 515; *see also Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12 (1983) ("[E]very order short of a final decree is subject to reopening at the discretion of the district judge."). The court is "guided by the general principles of Rules 59(e) and 60(b)," but is not subject to those Rules' "strictures." *Shrewsbury v. Cyprus Kanawha Corp.*, 183

3

F.R.D. 492, 493 (S.D. W. Va. 1998); *see also Am. Canoe*, 326 F.3d at 514 ("Motions for interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment.").

Accordingly, the court is guided by the three grounds recognized by the Fourth Circuit for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *See Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (discussing these grounds in the context of a Rule 59(e) motion). Generally, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co.*, 148 F.3d at 403 (quoting 11 Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 2810.1 (3d ed. 2012)).

**III. Discussion**

*A. Extension of Time*

Before addressing the merits of the plaintiff's Motion for Reconsideration, the Court quickly disposes of the plaintiff's request for an extension of time. The court **DENIES** the Motion to the extent it requests an extension of time because Rule 54(b) contains no express deadline for filing such a motion and, as noted above, such motions may be resolved at any time prior to the entry of a final judgment. Accordingly, the plaintiff's Motion for Reconsideration is considered "timely filed."

*B. Reconsideration*

To the extent the plaintiff is summarily relying upon arguments previously made, I find the same to be an insufficient basis for granting the instant Motion for Reconsideration. *See Henson*

*v. Santander Consumer USA, Inc.*, No. RDB-12-3519, 2015 WL 433475, at *2 (D. Md. Feb. 2, 2015) (a motion for reconsideration should be denied when it "merely reiterates arguments [the] Court previously rejected in its Memorandum Opinion" (alteration in original) (quoting *Redner's Markets, Inc. v. Joppatown G.P. Ltd. P'ship*, No. RDB-11-1864, 2013 WL 5274356, at *8 (D. Md. Sept. 17, 2013))). I am further unpersuaded by the plaintiff's assertion that my ruling was clearly wrong simply because the plaintiff disagrees with my characterization of his objections to the PF&R as non-specific. Moreover, the plaintiff has not offered any new evidence that would alter my prior determination that the plaintiff has not met the criteria for preliminary injunctive relief. The plaintiff has evidenced none of the three grounds that guide reconsideration of an earlier judgment, *see Pac. Ins. Co.*, 148 F.3d at 403, so I decline to exercise my power to amend the court's Memorandum Opinion and Order of March 23, 2015.

### IV. Conclusion

In conclusion, the court **DENIES** the plaintiff's Motion to Set Aside, Alter, and Amend Judgment and Motion for Extension of Time [ECF No. 24].

The Court **DIRECTS** the Clerk to send a copy of this Order to the *pro se* plaintiff.

ENTER: March 14, 2016

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

5